UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BARBARA JEAN CROSS,

        Petitioner,        Civil No. 03-CV-10315-BC
                                            Honorable David M. Lawson

v.

JOAN YUKINS,

        Respondent.
_____/

## ORDER GRANTING APPLICATION TO PROCEED ON APPEAL WITHOUT PREPAYMENT OF FEES AND GRANTING A CERTIFICATE OF APPEALABILITY

The Court recently issued an order denying the petitioner's application for the writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. The petitioner now seeks to appeal the denial of her application and has filed an application to proceed with an appeal without prepayment of fees dated April 22, 2005. The petitioner did not proceed *in forma pauperis* in the district court. The Court has considered the plaintiffs' application pursuant to 28 U.S.C. § 1915(a)(1).

Construing petitioner's application as an intent to appeal, the Court will consider whether to issue her a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating the issues that satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations omitted).

In her petition, the petitioner claimed that the trial Court failed to investigate whether jurors were exposed to extraneous information by a dismissed juror, there was insufficient evidence to support the convictions, hearsay evidence was improperly allowed, the prosecutor engaged in misconduct, her own counsel was ineffective, and the cumulative effect of these errors denied her a fair trial. The Court found that none of these claims were meritorious.

Although the Court stands by its conclusions, it believes that reasonable jurists could disagree as to whether the trial court erred in failing to question jurors for possible bias after the parties stipulated to the removal of one juror. Upon review of the other claims, the Court concludes that reasonable jurists would not disagree with the decision to dispose of them on summary judgment, nor do any of these claims warrant the encouragement for the petitioner to proceed further.

Accordingly, it is **ORDERED** that the petitioner's application to proceed without prepayment of fees [dkt # 35] is **GRANTED**.

It is further **ORDERED** that the petitioner is **GRANTED** a certificate of appealability as to her claim that her right to a fair and impartial jury was infringed upon when the trial judge failed to inquire into jury contamination after dismissing one juror.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: May 3, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 3, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

-2-